## ERIC A. BURKHART, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 21224

November 5, 1991                                           820 P.2d 757

*Nielsen & Walker,* Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel S. Waters,* District Attorney and *Eric S. Hoshizaki,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

On March 22, 1990, appellant was convicted, pursuant to a jury verdict, of one count of attempted second degree kidnapping. Appellant was sentenced to a term of four years in the Nevada State Prison. This appeal followed.

Appellant was apprehended in the Ormsby House Casino after making three brief contacts with the alleged victim, Mathew. During each of these contacts, Mathew was standing in plain

view in a casino hallway within a few feet of his parents. Mathew showed no distress from these contacts, and his parents, who were close enough to see and hear what was happening, did not intervene except finally to notify security after the third contact. During the third contact, it appears that appellant may have momentarily grabbed a jacket that Mathew was wearing. Appellant, who rode a bicycle to the casino, made no attempt to flee and was apprehended without resistance.

The jury was instructed that the crime of attempted kidnapping in the second degree consists of the following elements: (1) that appellant "wilfully and without lawful authority attempted to seize or inveigle another person;" (2) that appellant "did so with the intent to detain said person against his will;" (3) and that "it occurred at or near the time and place alleged . . . ."[1] The instructions to the jury explained the state's theory of the case as follows:

> That the said defendant did willfully and without lawful authority attempt to seize and/or inveigle another person with the intent to detain him against his will, to-wit: the said defendant did offer MATHEW SCOTT HALL, aged 6, money to go play a game with him and/or did physically grab MATHEW SCOTT HALL and pull him toward an exit, all of which was with the intent to detain MATHEW SCOTT HALL against his will, all of which occurred near the V & T Coffee Shop in the Ormsby House, 600 S. Carson Street, Carson City, Nevada.

In closing argument, however, the state conceded that it had not proven that appellant had given money to Mathew in an attempt to inveigle him toward the game room and away from his parents. Instead, the state argued that the act (the seizure) which constituted one of the elements of attempted kidnapping was the grabbing of Mathew's jacket.[2] The state further argued that the necessary intent was shown by the fact that appellant made three contacts with Mathew.

---

[1]Second degree kidnapping is defined by NRS 200.310(2), which reads as follows:

> Every person who willfully and without authority of law seizes, inveigles, takes, carries away or kidnaps another person with the intent to keep the person secretly imprisoned within the state, or for the purpose of conveying the person out of the state without authority of law, or in any manner held to service or detained against his will, is guilty of kidnaping in the second degree.

[2]The jury was instructed that the elements of an attempted crime were: (1) the intent to commit the crime; (2) some act toward the completion of the crime; and (3) failure to complete the crime.

Appellant was convicted of one count of attempted second degree kidnapping. Appellant has now served approximately two years in prison for momentarily grabbing a boy's jacket. Counsel for the state informed this court at oral argument that appellant is unable to obtain parole because he will not admit his guilt.

Appellant contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal convinces us that this contention has merit.

The testimony in this case was not merely conflicting. Mathew's mother testified that appellant momentarily grabbed the hood of Mathew's jacket. Mathew, however, testified that he did not remember appellant grabbing his clothing. Obviously, any physical contact between appellant and Mathew must have been trifling. The legislature did not intend that every momentary physical contact should constitute a seizure for the purpose of defining a felony carrying a possible penalty of up to seven and one-half years.[3] Viewing the trial testimony in the light most favorable to the prosecution, and giving every reasonable inference to the testimony of Mathew's mother, we cannot conclude that the contact involved in this case amounted to a statutory seizure of Mathew's person.

Further, even assuming that appellant seized Mathew within the meaning of NRS 200.310(2), there was no testimony which would have allowed the jury to infer what appellant intended to do with Mathew. The undisputed evidence showed that appellant ceased his final contact with Mathew as soon as Mathew indicated that he did not wish to go with appellant. Further, all of the contacts took place in the hallway of a public facility, within easy view of Mathew's parents. The first two contacts were innocuous enough that Mathew's parents made no effort to intervene. Even after Mathew's parents called security, appellant calmly remained in the casino. Finally, it appears that appellant had no ready means available to take Mathew away from the casino, unless it is to be argued that appellant intended to ride away with Mathew on appellant's bicycle. No rational juror could have inferred from this evidence that appellant seized Mathew with the specific intent to detain him against his will. Any inference as to appellant's specific intent must have been based on unbridled speculation.

Accordingly, we reverse appellant's judgment of conviction.

---

[3]Second degree kidnapping carries a maximum penalty of fifteen years in the Nevada State Prison. NRS 200.330. Therefore, attempted second degree kidnapping would carry a maximum penalty of seven and one-half years. NRS 193.330.

Mowbray, C. J., dissenting:

Respectfully, I dissent.

Eric Burkhart challenges the sufficiency of the State's evidence. In considering this challenge, we are required to view the trial testimony in the light most favorable to the prosecution. Koza v. State, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984). The majority, however, pays lip service to this axiom. As a result, this court's opinion, though guised as appellate review, effectively retries and acquits the appellant.

Burkhart was tried and found guilty by a jury of his peers. Admittedly, this is a close case, but that only reinforces my belief that the majority, in reversing his conviction, unjustifiably encroaches upon the role historically reserved to the trier of fact. For, as is true with many close cases, this case turned on the weight and credibility assigned to conflicting testimony— functions peculiarly within the province of the trier of fact. See Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981). This court simply is not authorized to weigh evidence. Nev. Const. art. 6, § 4; NRS 177.025.

Viewing the evidence as we must, it is clear that the jury could—and did—reasonably infer that Burkhart intended to detain the victim against his will. That is sufficient.

I would affirm the judgment of conviction entered by the district court.